UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAMEN ABRAHAM,

        Plaintiff,

    v.

CITY OF LAS VEGAS CODE ENFORCEMENT,

        Defendant.

Case No. 2:26-cv-00696-ART-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint alleging a violation of the Fourteenth Amendment to the U.S. Constitution. ECF Nos. 1, 1-1. The Court grants Plaintiff's IFP application below. For the reasons stated herein, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

## I.    Screening Standard

The Court screens the Complaint under 28 U.S.C. § 1915(e)(2). In screening the Complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether Plaintiff's Complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual

allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Discussion

Plaintiff alleges that on March 6, 2026, he purchased property located on McDermit Street in Las Vegas, Nevada. Unbeknownst to him, there were existing code violations assessed against the property that subjected the home to potential demolition. Plaintiff says that upon learning of the violations he took immediate remedial action, "pulled permits," and is working to render the property compliant with all building and safety codes. Plaintiff says demolition of the property will cause him significant damages and he seeks an opportunity to bring the property into compliance. Plaintiff contends the failure to provide him with the opportunity to bring his property into compliance is a violation of the Fourteenth Amendment.

To establish a substantive due process violation under the Fourteenth Amendment under 42 U.S.C. § 1983 Plaintiff must demonstrate (1) a deprivation of life, liberty, or property, and (2) "conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Procedural due process ensures notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 (9th Cir. 1990). "[I]f feasible, notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests." *Walker v. City of Hutchinson, Kan.*, 352 U.S. 112, 115 (1956). The Supreme Court "called attention to the impossibility of setting up a rigid formula as to the kind of notice that must be given; notice required will vary with circumstances and conditions." *Id*.

Here, Plaintiff's alleged purchase and, therefore, ownership of the McDermit Street property establishing his protected property interest within the meaning of the Fourteenth Amendment. Thus, the only question for the Court is whether Plaintiff was provided with the process he is due before demolition of the McDermit property occurs. *DeRaffele v. City of Williamsport*, Civil No. 4:15-cv-02186, 2016 WL 11200711, at *6 (M.D. Pa. Oct. 3, 2016) (finding the plaintiff's contention that there was condemnation of his property without prior notice and a hearing, and that post-deprivations procedures were inadequate to protect his property interest, stated a procedural due process claim). In "situations where the [s]tate feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a post-deprivation … remedy to compensate for the taking." *Shinault v. Hawks*, 782 F.3d 1053, 1058 (9th Cir. 2015) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

The facts as pleaded are inadequate to allow the Court to assess whether Plaintiff (not his predecessor) received any notice before demolition of the McDermit Street property was ordered or, for that matter, before demolition occurred. In the absence of facts, the Court cannot assess whether a procedural due process violation occurred. Moreover, the absence of facts sufficient to assess whether a procedural due process violation occurred renders it impossible to assess whether demotion, if it occurred in the absence of any notice, might shock the conscience.

For the sake of completeness, the Court notes that it considered state law regarding potential discretionary act immunity. *See Ransdell v. Clark Cnty.*, 192 P.3d 756, 761-64 (Nev. 2008), in which the Nevada Supreme Court held that NRS § 41.032(2) shielded Clark County from a suit based on abating the plaintiff's property following a notice of code violations regarding garbage and unused vehicles. However, applicable here, the Ninth Circuit makes clear that discretionary act immunity does not protect unconstitutional government conduct. *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000). Thus, while the Nevada Supreme Court found that the Clark County abatement procedure "required the inspectors to use their own judgment and conduct individual assessments of the conditions on [the plaintiff's] property to determine if abatement was required under the Clark County Code," and "strong public policy considerations related to public health, safety, and welfare are associated with abatement procedures generally," 192 P.3d at 762-62, if the City of Las Vegas

County Code Enforcement has acted unconstitutionally, discretionary act immunity will not apply to protect this defendant from suit.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

Based on the foregoing, IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) must be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint, he must do so no later than **April 7, 2026**.  The proposed amended complaint must be complete in and of itself, must not refer in any manner to any prior complaint, and must include all claims, and the factual basis in support of all claims, he wishes to assert.  The facts must discuss what notice, if any, Plaintiff received regarding demolition of his property and what steps he took in response to such notice.

IT IS FURTHER ORDERED that failure to timely file an amended complaint will result in a recommendation to dismiss this matter in its entirety.

Dated this 17th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE